UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cr-20040-JEM

UNITED STATES OF AMERICA,

v.

JUSTO MATOS PENA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** came before the Court upon a change of plea hearing. Based upon the Change of Plea hearing conducted on July 1, 2022, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1. As an initial matter, the Court advised Justo Matos Pena ("Defendant") of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to a referral from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to Counts I and II of the Indictment. Count I charges

Defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).  Count II charges Defendant with possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of Title 46, United States Code, Sections 70503(a)(1).  The Court advised Defendant that for each count there was a mandatory minimum sentence of ten years imprisonment and a maximum of life imprisonment, followed by a term of supervised release of at least five years up to life, and a possible fine of up to $10,000,000.  The Court also advised Defendant that there is a special assessment of $100.00 that will be imposed for each count.  Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case, including forfeiture and restitution.

4. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer.  The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty.  Defendant acknowledged that the Factual Proffer was accurate.

5. There is no written plea agreement.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts I and II of the Indictment filed in this case, as more

particularly described herein, and that Defendant be adjudicated guilty of those offenses.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing hearing will be set by the District Court.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offenses to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on July 1, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**